**CAREY D. GORDEN**
California State Bar No. 236251
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: carey_gorden@fd.org

Attorneys for Mr. Orozco-Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07CR3476-JM |
| Plaintiff, ) | |
| v. ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| HECTOR OROZCO-GONZALEZ, ) | |
| Defendant. ) | |

I.

**STATEMENT OF FACTS**[1]

On November 27, 2007, Hector Orozco-Gonzalez was apprehended after leaving a residence in Vista, California. On December 27, 2007, Mr. Orozco-Gonzalez was charged by way of indictment with one count of violating 8 U.S.C. § 1326 (a) and (b), deported alien found in the United States. These motions follow.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The following statement of facts is based on discovery produced by the government, which Mr. Orozco-Gonzalez reserves the right to challenge at a later date.

## II.

## **MOTION TO COMPEL DISCOVERY**

Mr. Orozco-Gonzalez requests the following discovery. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(2) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) <u>Request for Preservation of Evidence</u>. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) <u>Defendant's Statements</u>. The defendant requests disclosure and production of all statements made by the defendant. This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant. Fed. R. Crim. P. 16(a)(1)(B)(I)-(iii).

///

(5) <u>Tangible Objects</u>. The defendant seeks to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **This request specifically incorporates a request for a copy of Mr. Orozco-Gonzalez's "A-File" and any tapes of any deportation hearing involving Mr. Orozco-Gonzalez.**

(6) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

(7) <u>Witness Addresses</u>. The defendant requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

(8) <u>Jencks Act Material</u>. Mr. Orozco-Gonzalez requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case. This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(1)-(3).

(9) <u>Informants and Cooperating Witnesses</u>. Mr. Orozco-Gonzalez requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Orozco-Gonzalez. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Orozco-Gonzalez. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

1     (10)   <u>Residual Request</u>.  Mr. Orozco-Gonzalez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Orozco-Gonzalez and defense counsel have received **only 35 pages of discovery** in this case.  As new information surfaces due to the government providing discovery in response to these motions or an order of this Court, the defense may need to file further motions.  Therefore, defense counsel requests the opportunity to file further motions.

## IV.

## CONCLUSION

For the reasons stated above, Mr. Orozco-Gonzalez respectfully requests that the Court grant the foregoing motions.

                                      Respectfully submitted,

DATED:     January 23, 2008              /s/ Carey D. Gorden
                                              **CAREY D. GORDEN**
                                              Federal Defender of San Diego, Inc.
                                              Attorneys for Mr. Orozco-Gonzalez