KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5528 / (619) 235-2757 (Fax)
Email: peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 07CR3476-JM |
|---|---|---|
| Plaintiff, | ) | Date: April 4, 2008 |
| | ) | Time: 11:0 a.m. |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION FOR |
| | ) | FINGERPRINT EXEMPLARS AND |
| | ) | GOVERNMENT'S RESPONSE AND |
| HECTOR OROZCO-GONZALEZ, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO: |
| Defendant. | ) | |
| | ) | (1)   COMPEL DISCOVERY; AND |
| | ) | (2)   LEAVE TO FILE FURTHER |
| | ) |         MOTIONS |
| | ) | |
| | ) | TOGETHER WITH MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES. |
| _____ | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Peter J. Mazza, Assistant U.S. Attorney, and hereby files its motion for fingerprint exemplars and its response and opposition to the motions filed on behalf of the above-captioned defendant. This motion and response and opposition are based upon the files and records of this case.

07CR3476-JM

**I**

**INDICTMENT**

On December 21, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Hector Orozco-Gonzalez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to July 3, 2006.

**II**

**STATEMENT OF FACTS**

**A.   THE INSTANT OFFENSE**

On November 27, 2007, three United States Border Patrol agents assigned to the Smuggling Interdiction Group, Criminal Alien Squad were performing surveillance in the area of 555 West California Avenue in Vista, California. At approximately 11:00 a.m., an individual matching Defendant's description exited a residence located at 555 West California Avenue. The agents approached the individual and identified themselves as Border Patrol agents. One of the agents questioned the individual regarding his identity. The individual responded that he was Hector Orozco-Gonzalez. In response to further questioning, Defendant admitted that he was a Mexican citizen without any legal right to enter or remain in the United States. Agents then placed Defendant under arrest and transported him to the Vista Border Patrol Station for further processing.

At the station, agents confirmed Defendant's identity, as well as his immigration and criminal histories. At approximately 1:15 p.m., Border Patrol Agent Cacho advised Defendant of his <u>Miranda</u>

07CR3476-JM

1 rights. Defendant acknowledged his rights and agreed to waive them
2 and speak with agents without the presence of an attorney. Defendant
3 stated that he is a citizen and national of Mexico. He admitted that
4 he was illegally present in the United States without any documents
5 to allow him to enter or remain legally in the United States.
6 Defendant further admitted that he had not previously applied for
7 permission to legally enter the United States. Defendant further
8 admitted that he illegally reentered the United States approximately
9 four days prior to his arrest on November 23, 2007. He stated that
10 he crossed the United States-Mexico international boundary east of San
11 Ysidro, California. He stated that he illegally reentered the United
12 States under his own free will.

     **B.**    **DEFENDANT'S IMMIGRATION HISTORY**

14 Defendant is a citizen of Mexico who was physically removed from
15 the United States to Mexico on May 9, 2005. Defendant was again
16 removed from the United States to Mexico on February 12, 2007.

     **C.**    **DEFENDANT'S CRIMINAL HISTORY**

18 Defendant has seven prior convictions. In 2004 and 2006, he was
19 convicted of possession of a controlled substance. In 1997 and 1996,
20 he was convicted of petty theft with a prior conviction. Twice in
21 1995, Defendant was convicted of theft. Also in 1995, Defendant was
22 convicted of being under the influence of a controlled substance.

**III**

**POINTS AND AUTHORITIES**

**A.  DEFENDANT'S MOTION FOR DISCOVERY SHOULD BE DENIED EXCEPT AS PROVIDED BELOW**

The Government has and will continue to fully comply with its

07CR3476-JM

discovery obligations. To date, the Government has produced 162 pages of written discovery, three audio cassette tapes, and one dvd. The discovery includes, inter alia: (1) reports generated at the time of arrest; (2) Defendant's A-File documents; (3) Defendant's deportation hearing tapes; (4) Defendant's rap sheet; and (5) a dvd of Defendant's post-arrest interview.

The Government notes that it has not yet received Defendant's conviction documents from the California superior court. Once received, the Government will discover those as well.

### 1. Statements of Defendants

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by providing defendant statements.

### 2. Arrest Reports, Notes, Dispatch Tapes

The Government has provided Defendant with incident and arrest reports. Defendants are not entitled to rough notes generally because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981). However, the Government does not object to the preservation of rough notes, if any exist.

### 3. Brady Material

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) in providing information material to guilt or punishment.

**4.   Information That May Result in a Lower Sentence**

The Government is not aware of any such information.

**5.   Prior Criminal Record**

The Government has provided Defendant with his known criminal record.

**6.   Federal Rules of Evidence 404(b) and 609**

The Government has and will disclose the existence of any Rule 404(b) or 609 evidence, if any, prior to trial. The Government will continue to comply with its discovery obligations regarding defendant's prior arrests. Defendant is not generally entitled to "TECS" records.

**7.   Evidence Seized**

The Government will comply with Federal Rule of Criminal Procedure 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of Defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendants.

The Government, however need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

**8.   Preservation of Evidence**

The Government will preserve the evidence in this case.

**9.   Henthorn Information**

The United States will comply with the requirements of United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The prosecutor

07CR3476-JM

1 assigned to the case, however, is under no obligation to personally
2 examine the personnel files of testifying agents.  See United States
3 v. Jennings, 960 F.2d 1488 (9th Cir. 1992).

**10.  Tangible Evidence**

The Government will comply with Fed.R.Crim.P. 16(a)(1)(E) in providing Defendant an opportunity to inspect and copy the evidence.

**11.   Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) pertaining to expert witnesses.

**12.  Evidence of Bias or Motive to Lie**

As stated above, the Government will comply with its obligations under Brady and Giglio.  The Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its witnesses, but will make appropriate disclosures if such information should become known.  See Napue v. Illinois, 360 U.S. 264 (1959); Mooney v. Holohan, 294 U.S. 103 (1935).

**13.  Impeachment Evidence**

As noted above, the Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

However, under Brady, and United States v. Agurs, 427 U.S. 97 (1976), the Government must only disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. See also United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980). Defendants are not entitled to all evidence which is or may be favorable to the accused or which pertains to the credibility of the Government's case.  Gardner, 611 F.2d at 774-775.

07CR3476-JM

Defendant requests the Government provide the criminal record of witnesses the Government intends to call and any information relating to a criminal investigation of a witness. Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendants are not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

**14. Evidence of Criminal Investigation of Any Government Witness**

Defendant cites no authority in this Circuit or under the Federal Rules for this request.

**15. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

**16. Witness Addresses**

While the Government may supply a tentative witness list with its trial memorandum, it objects to providing home addresses. See United

1  States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980), and United
2  States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing
3  defendant's request for the addresses of actual Government witnesses).
4  A request for the home addresses and telephone numbers of Government
5  witnesses is tantamount to a request for a witness list and, in a non-
6  capital case, there is no legal requirement that the Government supply
7  defendant with a list of the witnesses it expects to call at trial.
8  United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1974), cert.
9  denied, 419 U.S. 835 (1974); United States v. Glass, 421 F.2d 832, 833
10 (9th Cir. 1969).[1]

11      The Ninth Circuit addressed this issue in United States v. Jones,
12 612 F.2d 453 (9th Cir. 1979), cert. denied, 445 U.S. 966 (1980).  In
13 Jones, the court made it clear that, absent a showing of necessity by
14 the defense, there should be no pretrial disclosure of the identity
15 of Government witnesses.  Id. at 455.  Several other Ninth Circuit
16 cases have reached the same conclusion.  See, e.g., United States v.
17 Armstrong, 621 F.2d 951, 1954 (9th Cir. 1980); United States v.
18 Sukumolachan, 610 F.2d at 687; United States v. Paseur, 501 F.2d 966,
19 972 (9th Cir. 1974) ("A defendant is not entitled as a matter of right

---

[1]  Even in a capital case, the defendant is only entitled to receive a list of witnesses three days prior to commencement of trial.  18 U.S.C. § 3432.  See also United States v. Richter, 488 F.2d 170 (9th Cir. 1973)(holding that defendant must make an affirmative showing as to need and reasonableness of such discovery).  Likewise, agreements with witnesses need not be turned over prior to the testimony of the witness, United States v. Rinn, 586 F.2d 1113 (9th Cir. 1978), and there is no obligation to turn over the criminal records of all witnesses.  United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Egger, 509 F.2d 745 (9th Cir.), cert. denied, 423 U.S. 842 (1975); United States v. Cosby, 500 F.2d 405 (9th Cir. 1974).

07CR3476-JM

to the name and address of any witness.").

**17.   Name of Witnesses Favorable to Mr. Contreras-Hernandez**

As noted above, the Government will to continue to comply with its obligations pursuant to Brady.

**18.   Statements Relevant to Defense**

As noted above, the Government will comply with its obligations pursuant to Rule 16.

**19.   Jencks Act**

The Government will comply with its obligations pursuant to the Jencks Act.

**20.   Giglio Material**

The Government will comply with its obligations pursuant to Giglio, 405 U.S. 150.

**21.   Agreements Between the Government and Witnesses**

Counsel for the Government is unaware of any such agreements.

**22.   Informants/Cooperating Witnesses**

Counsel for the Government is unaware of any informant or cooperating witness in this case.

**23.   Bias by Informants/Cooperating Witnesses**

Counsel for the Government is unaware of any informants or cooperating witnesses.

**24.   Scientific and Other Information**

The Government will comply with its obligations pursuant to Rule 16(a)(1)(D).

**25.   A-File Review and Residual Request**

The Defendant has already viewed his A-File.

//

**B. THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS, SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion.

**C. GOVERNMENT'S MOTION TO COMPEL FINGERPRINT EXEMPLARS**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir.

1996) (the taking of fingerprints in the absence of <u>Miranda</u> warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motion for fingerprint exemplars.

DATED: March 28, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Peter J. Mazza
_____
PETER J. MAZZA
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: peter.mazza@usdoj.gov

07CR3476-JM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3476-JM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| HECTOR OROZCO-GONZALEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS AND GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Carey Gorden, Esq., Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2008.

/s/ Peter J. Mazza
PETER J. MAZZA

07CR3476-JM

12