1  KAREN P. HEWITT
   United States Attorney
2  PETER J. MAZZA
   Assistant U.S. Attorney
3  California State Bar No. 239918
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-5528
   peter.mazza@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8

9                   UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11
    UNITED STATES OF AMERICA,    )   CASE NO.  07CR3476-JM
12                               )
                                 )   DATE:      May 16, 2008
13           Plaintiff,           )   TIME:      1:30 p.m.
                                 )
14                               )   STATEMENT OF FACTS AND MEMORANDUM OF
         v.                      )   POINTS AND AUTHORITIES IN SUPPORT OF
15                               )   GOVERNMENT'S MOTIONS FOR RECIPROCAL
                                 )   DISCOVERY AND TO COMPEL FINGERPRINT
16  HECTOR OROZCO-GONZALEZ,      )   EXEMPLARS
                                 )
17                               )
             Defendant.           )
18                               )
    _____)
19

20       COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and

21  through its counsel, KAREN P. HEWITT, United States Attorney, and

22  Peter J. Mazza, Assistant United States Attorney, hereby files the

23  attached statement of facts and memorandum of points and authorities

24  in support of Government's motion for reciprocal discovery and

25  fingerprint exemplars.

26  //

27  //

28  //

**I**

**STATEMENT OF THE CASE**

On December 21, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Hector Orozco-Gonzalez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to July 3, 2006.

**II**

**STATEMENT OF FACTS**

**A.   THE INSTANT OFFENSE**

On November 27, 2007, three United States Border Patrol agents assigned to the Smuggling Interdiction Group, Criminal Alien Squad were performing surveillance in the area of 555 West California Avenue in Vista, California. At approximately 11:00 a.m., an individual matching Defendant's description exited a residence located at 555 West California Avenue. The agents approached the individual and identified themselves as Border Patrol agents. One of the agents questioned the individual regarding his identity. The individual responded that he was Hector Orozco-Gonzalez. In response to further questioning, Defendant admitted that he was a Mexican citizen without any legal right to enter or remain in the United States. Agents then placed Defendant under arrest and transported him to the Vista Border Patrol Station for further processing.

At the station, agents confirmed Defendant's identity, as well as his immigration and criminal histories. At approximately 1:15 p.m., Border Patrol Agent Cacho advised Defendant of his <u>Miranda</u>

1  rights. Defendant acknowledged his rights and agreed to waive them
2  and speak with agents without the presence of an attorney. Defendant
3  stated that he is a citizen and national of Mexico. He admitted that
4  he was illegally present in the United States without any documents
5  to allow him to enter or remain legally in the United States.
6  Defendant further admitted that he had not previously applied for
7  permission to legally enter the United States. Defendant further
8  admitted that he illegally reentered the United States approximately
9  four days prior to his arrest on November 23, 2007. He stated that
10 he crossed the United States-Mexico international boundary east of
11 San Ysidro, California. He stated that he illegally reentered the
12 United States under his own free will.

    **B.**    **DEFENDANT'S IMMIGRATION HISTORY**

14     Defendant is a citizen of Mexico who was physically removed from
15 the United States to Mexico on May 9, 2005. Defendant was again
16 removed from the United States to Mexico on February 12, 2007.

    **C.**    **DEFENDANT'S CRIMINAL HISTORY**

18     Defendant has seven prior convictions. In 2004 and 2006, he was
19 convicted of possession of a controlled substance. In 1997 and 1996,
20 he was convicted of petty theft with a prior conviction. Twice in
21 1995, Defendant was convicted of theft. Also in 1995, Defendant was
22 convicted of being under the influence of a controlled substance.

### III

### GOVERNMENT'S MOTIONS

**A.**   **MOTION FOR RECIPROCAL DISCOVERY**

    **1.**    **RULE 16(b)**

27     The United States, pursuant to Rule 16 of the Federal Rules
28 of Criminal Procedure, requests that Defendant permit the United

States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness.  Because the United States has complied with its obligations for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure.  The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.   RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant.  This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

The time frame established by the rule requires the statement to be provided after the witness has testified.  To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a

1  reasonable date before trial to be set by the Court.  Such an
2  order should include any form in which these statements are
3  memorialized, including but not limited to, tape recordings,
4  handwritten or typed notes and/or reports.
5  **B.    Motion to Compel Fingerprint Exemplars**
6      The Government requests that Defendant be ordered to make
7  himself available for fingerprint exemplars at a time and place
8  convenient to the Government's fingerprint expert.  See United
9  States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the
10 District Court has "inherent authority" to order a defendant to
11 provide handwriting exemplars, fingerprints, and palmprints).
12 Since the fingerprint exemplars are sought for the sole purpose of
13 proving Defendant's identity, rather for than investigatory
14 purposes, the Fourth Amendment is not implicated.  The Ninth
15 Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79
16 (9th Cir. 2005), upheld the Government's ability to compel a
17 defendant to submit to fingerprinting for purposes of
18 identification at trial.   See United States v. Garcia-Beltran,
19 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v.
20 Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).  Furthermore,
21 an order requiring Defendant to provide fingerprint exemplars does
22 not infringe on Defendant's Fifth Amendment rights.  See Schmerber
23 v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment
24 privilege "offers no protection against compulsion to submit to
25 fingerprinting"); Williams v. Schario, 93 F.3d 527, 529  (8th Cir.
26 1996) (the taking of fingerprints in the absence of Miranda
27 warnings did not constitute testimonial incrimination as
28 proscribed by the Fifth Amendment).

# IV

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: May 11, 2008 (originally filed March 28, 2008).

           Respectfully Submitted,

           KAREN P. HEWITT
           United States Attorney

           /s/ Peter J. Mazza
           PETER J. MAZZA
           Assistant U.S. Attorney
           Peter.Mazza@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3476-JM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| HECTOR OROZCO-GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Carey Gorden, Esq., Federal Defenders of San Diego, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2008 (service of motions originally served on March 28, 2008).

/s/ Peter J. Mazza
PETER J. MAZZA

7