**VICTOR PIPPINS**
California State Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
victor_pippins@fd.org

Attorneys for Mr. Hector Orozco-Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE JEFFREY T. MILLER**)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> Hector Orozco-Gonzalez, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. 07CR3476-JM <br><br> DATE: September 19, 2008 <br> TIME: 1:30 p.m. <br><br> **AMENDED** STATEMENT OF FACTS <br> AND MEMORANDUM OF POINTS AND <br> AUTHORITIES IN SUPPORT OF HIS <br> MOTIONS. |

**I.**

**FACTS RELEVANT TO MOTIONS**[1]

According to information provided by the government, an Immigration Judge (IJ) ordered Mr. Orozco-Gonzalez removed from the United States on May 9, 2005.  *See* Exhibit A (Order of the Immigration Judge).  An advisement provided to Mr. Orozco-Gonzalez at that time indicated that he was found inadmissible or excludable and ordered deported because of a conviction for an "aggravated felony". *See* Exhibit B (Warning to Alien Ordered Removed or Deported).

During the deportation proceeding on May 9, 2005, the government attorney stated that Mr. Orozco-Gonzalez had been convicted of an aggravated felony.  The alleged aggravated felony was specified to be a 1997 conviction for a violation of California Penal Code 484/666, petty theft with priors.  The IJ then told Mr. Orozco-Gonzalez that he was not eligible for relief under 212(h) or cancellation of removal because

---

[1] The following is based on information provided by the government. Mr. Orozco-Gonzalez does not admit the accuracy of the information and reserves the right to challenge its accuracy.

of a 1995 conviction for violation of California Health and Safety Code 11350, and that his petty theft convictions disqualified him from registry. The IJ then stated that Mr. Orozco-Gonzalez was not eligible for any for of relief from deportation. The IJ then found that Mr. Orozco-Gonzalez was deportable as charged in the NTA, and ordered him deported to Mexico.

On February 9, 2008, a Field Office Director signed a warrant of removal, effectively reinstating the IJ order of removal from 2005 referenced above. *See* Exhibit C (Warrant of Removal).

## II.

### MOTION TO DISMISS INDICTMENT DUE TO AN INVALID DEPORTATION

**A.      Summary of Argument.**

Mr. Orozco-Gonzalez has never suffered an "aggravated felony." The alleged "aggravated felony"conviction which Mr. Orozco-Gonzalez was advised precluded him from relief from deportation—petty theft with a prior, in violation of California Penal Code section 484/666—is not an "aggravated felony." By characterizing petty theft with a prior as an "aggravated felony," the IJ presiding over Mr. Orozco-Gonzalez's removal hearing mis-advised him as to his eligibility for relief. Under Ninth Circuit law, this renders Mr. Orozco-Gonzalez's removal hearing fundamentally unfair. The government may not therefore use Mr. Orozco-Gonzalez's 2005 removal, or the 2007 reinstatement of that order, as a basis for its prosecution under 8 U.S.C. § 1326. Thus, Mr. Orozco-Gonzalez requests that this Court dismiss the indictment against him.

**B.      Petty Theft with a Prior Is *Not* an "Aggravated Felony."**

**1. Mr. Orozco-Gonzalez's alleged "aggravated felony."**

Mr. Orozco-Gonzalez was convicted of petty theft with a prior theft offense, in violation of California Penal Code § 484/666 on 24, 1997 in the California Superior Court for the County of San Diego. He was sentenced to 16 months prison. This issue of whether a conviction for the violation of these code sections constitutes an "aggravated felony" was answered squarely in the negative in *U.S. v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002). In this case, the Court ruled that "a conviction for petty theft under California Penal Code § 484(a), even under the §§ 484/488/666 scheme, cannot qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) ...". *Id.* At 1213.

1   In *Corona-Sanchez*, the government argued that a conviction under this statute does qualify as an aggravated felony if the defendant is sentenced to at least one year in custody. The 9th circuit rejected this argument, however, because the underlying offense, petty theft in violation of California Penal Code § 484(a) is punishable by a maximum of 6 months jail. It is the recidivist statute of California Penal Code § 666 that allows for a sentence of greater than 6 months. The 9th Circuit ruled that courts "must consider the sentence available for the crime itself, without considering the separate recidivist sentencing enhancements". *Id.* At 1209. Applying this clear mandate, the crime that Mr. Orozco-Gonzalez was convicted of cannot qualify as an "aggravated felony".

Based on this conviction, and this conviction only, the IJ found that Mr. Gonzalez had suffered an "aggravated felony" and was thus ineligible for relief from deportation. The IJ was wrong.

**C.        Mr. Gonzalez's Removal Hearing Was Fundamentally Unfair.**

As discussed above, Mr. Orozco-Gonzalez's conviction for petty theft with a prior was an "aggravated felony." As Mr. Orozco-Gonzalez was ordered removed from the United States for being an "aggravated felon", with no eligibility for relief from deportation, Mr. Orozco-Gonzalez's removal was violative of due process, thus fundamentally unfair, and cannot serve as the basis for a prosecution under 8 U.S.C. § 1326.

"A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987)). To "sustain a collateral attack under § 1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." *Id.*; *see also Camacho-Lopez*, 450 F.3d at 930 (quoting, in part, *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).

**1. Mr. Orozco-Gonzalez is exempt from § 1326(d)'s exhaustion requirement**.

Following his 2005 removal hearing, Mr. Orozco-Gonzalez did not seek administrative review of the IJ's order of removal. Normally, a defendant charged with violating § 1326 who wishes to collaterally

challenge his removal must have exhausted any administrative remedies available to him. *See* 8 U.S.C. § 1326 (d)(1). Ninth Circuit law makes clear, however, that such a waiver is invalid if it was influenced by an IJ's mis-advisal. *Ubaldo-Figueroa*, 364 F.3d at 1049; *Ortiz-Lopez*, 385 F.3d at 1204 n.2; *United States v. Ahumada-Aguilar,* 295 F.3d 943 (9th Cir. 2002).

Here, the IJ misinformed Mr. Orozco-Gonzalez as to his eligibility for relief from removal. Specifically, the IJ mis-informed Mr. Orozco-Gonzalez in two ways: the IJ mis-informed Mr. Gonzalez that he (Mr. Gonzalez) was not only removable, but also ineligible for a number of forms of relief—including, but not limited to, cancellation of removal, adjustment of status, and voluntary departure. In this specific context, the Ninth Circuit has excused a defendant from exhausting his administrative rights because of an IJ's mis-advisal that he (the defendant) was removable as an "aggravated felon." *Camacho-Lopez*, 450 F.3d at 930. As was the case in *Camacho-Lopez*, and due to the IJ's error, Mr. Orozco-Gonzalez is excused from § 1326 (d)'s exhaustion requirement.

### 2. Mr. Orozco-Gonzalez was denied judicial review.

Similarly, the IJ's failure to inform Mr. Orozco-Gonzalez of his eligibility for relief from removal deprived him of an opportunity to seek judicial review of the IJ's removal order. A defendant seeking to collaterally challenge a deportation under § 1326(d) normally must show that he was improperly denied the opportunity for judicial review. *See* 8 U.S.C. § 1326(d)(2). An IJ's failure to inform a person of their eligibility for relief from removal satisfies the requirement that a defendant be denied his opportunity to seek judicial review. *Camacho-Lopez*, 450 F.3d at 930; *Ubaldo-Figueroa*, 364 F.3d 1042, 1047; *Ortiz-Lopez*, 385 F.3d at 1204 n.2. In this context, the Ninth Circuit has held that a defendant was denied judicial review because of an IJ's mis-advisal that he (the defendant) was removable as an "aggravated felon." *Camacho-Lopez*, 450 F.3d at 930. As in *Camacho-Lopez*, and due to the IJ's error, Mr. Gonzalez was effectively denied judicial review.

### 3. Mr. Orozco-Gonzalez's removal was fundamentally unfair.

To successfully challenge the government's use of a prior removal in a § 1326 prosecution, a defendant must show that the entry of that removal order "was fundamentally unfair." 8 U.S.C. § 1326(d)(3). "An underlying removal order is 'fundamentally unfair' if: '(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as

1  a result of the defects.'" *Ortiz-Lopez*, 385 F.3d at 1204 (quoting *United States v. Zarate-Martinez,* 133 F.3d
2  1194, 1197 (9th Cir. 1998)).

### i. Mr. Orozco-Gonzalez's removal violated due process.

An IJ violates a person's due process rights by failing to inform him or her of their eligibility for relief from removal. *Camacho-Lopez*, 450 F.3d at 930; *Ubaldo-Figueroa*, 364 F.3d 1042, 1047; *Ortiz-Lopez*, 385 F.3d at 1204 n.2. Here, as in *Camacho-Lopez*, the IJ's error violated Mr. Orozco-Gonzalez's due process rights by mis-advising Mr. Orozco-Gonzalez. *See Camacho-Lopez*, 450 F.3d at 930.

### ii. Mr. Orozco-Gonzalez suffered prejudice at his removal hearing.

Mr. Orozco-Gonzalez suffered prejudice as a result of this due process violation. Thus, [Mr. Orozco-Gonzalez] was removed when he should not have been and clearly suffered prejudice." *Camacho-Lopez*, 450 F.3d at 930 (emphasis in original).

**D.    Summation**.

Mr. Orozco-Gonzalez's due process rights were violated at his removal hearing in 2005. He suffered prejudice as a result of that due process violation. The government may not therefore use Mr. Gonzalez's 2005 removal, or the 2007 reinstatement of that removal order, as a basis for its prosecution under 8 U.S.C. § 1326. Thus, Mr. Gonzalez requests that this Court dismiss the indictment against him.

### III.

### MOTION TO FILE SUPPLEMENTAL EXHIBIT

Mr. Orozco-Gonzalez requests the Court consider the transcript of the translated audiotape of Mr. Orozco-Gonzalez's 2005 deportation hearing once either party has the opportunity to have a translated transcript prepared. Mr. Orozco-Gonzalez also requests the Court's permission to supplement this motion should new discovery necessitate.

//
//
//
//
//
//

**IV.**

**CONCLUSION**

Mr. Orozco-Gonzalez requests this Court grant his motions.

Respectfully submitted,

Dated: September 5, 2008

*/s/ Victor Pippins*
**Victor Pippins**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Orozco-Gonzalez
victor_pippins@fd.org